UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBBY GUTIERREZ,

    Petitioner,

v.                                                  Case No. 5:11-cv-412-Oc-23TBS

WARDEN, FCC COLEMAN-USP I,

    Respondent.
_____/

## **ORDER**

A prisoner housed at the Lewisburg, Pennsylvania, penitentiary (but housed at Coleman, Florida, at the filing of this petition), Gutierrez serves a sentence imposed by the United States District Court for the District of Connecticut. Gutierrez petitions (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 and claims "actual innocence" of being a career offender. The respondent seeks dismissal (Doc. 5) and states that the petition is foreclosed by (a) Gilbert v. United States, 640 F. 3d 1293 (11th Cir. 2011), and (b) Guitierrez's waiver and stipulation in the plea agreement.[1]

---

[1] In the plea agreement, Guitierrez waived his right to appeal and stipulated that he qualified as a career offender based on two prior felony drug convictions and that his sentencing guidelines range was between 151 and 188 months' imprisonment. The United States agreed to move for dismissal of the remaining seven counts and to not seek an increase in the applicable statutory maximum under 21 U.S.C. § 851 based on the prior convictions.

Guitierrez attacks the validity of his sentence rather than the means of the sentence's execution and pursues relief under Section 2241 because relief under Section 2255 is barred by the prohibition against a successive petition. In this case, Guitierrez should have raised his arguments at sentencing, on direct appeal, or in the preceding Section 2255 proceeding. Under these circumstances, Section 2255 expressly precludes Guitierrez's pursuing a remedy under Section 2241.

Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief to the court that sentenced him, or that such court denied him relief . . . ." Guitierrez seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in Section 2255, which permits relief under Section 2241 if it "appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, as Wofford v. Scott, 117 F. 3d 1236, 1244 (11th Cir. 1999), holds,

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

A petitioner must meet each element of this test. Guitierrez unconvincingly argues entitlement to relief under the "savings clause." Even if a petitioner meets Wofford's narrow requirements and "opens the portal" to a Section 2241 proceeding, the petitioner must demonstrate "actual innocence." Bousley v. United States, 523 U.S.

614, 623 (1998), cautions "that 'actual innocence' means factual innocence, not mere legal insufficiency." Because he shows no "factual innocence," Gutierrez has not proven "actual innocence" under Bousley.

Gutierrez asserts entitlement to re-sentencing because he is "actually innocent" of the sentence. But Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011) (en banc) ("Gilbert II"), petition for cert. filed, (U.S. Aug. 17, 2011) (No. 11-6053), rejects expanding "the Sawyer [v. Whitley, 505 U.S. 333 (1992)], actual innocence of sentence exception" beyond death penalty cases. Gutierrez was sentenced almost ten years ago. Gilbert II recognizes that "finality of judgment and the important interests that finality promotes" caution against examining a sentence that was correctly calculated when imposed even though subsequent interpretations of the guidelines would now require a different sentence. 640 F.3d at 1295.

Accordingly, the petition under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment dismissing the petition with prejudice, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on December 20, 2011.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE